Entered on Docket
June 27, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: June 24, 2011

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 09-31874 |
| MADAN AHLUWALIA, | Chapter 7 |
| Debtor. | |

**MEMORANDUM RE DEBTOR'S MOTION TO REOPEN AND CHARLES OLIVER'S COUNTERMOTION FOR RULE 9011 SANCTIONS**

Upon due consideration, and for the reasons stated below: (1) Debtor's motion to reopen his case for the purpose of discharging a postpetition claim is denied with prejudice; and (2) Charles Oliver's motion for Rule 9011 sanctions is denied without prejudice.

**FACTS**

On July 6, 2009, Debtor filed the above-captioned, no-asset bankruptcy case. On December 3, 2009, the court entered Debtor's discharge pursuant to 11 U.S.C. § 727(a). On June 21, 2010, the bankruptcy case was closed.

On March 25, 2011, Debtor filed a motion to reopen his bankruptcy case to schedule a debt arising out of a contract dated

MEMO RE DEBTOR'S MTN TO REOPEN
AND COUNTERMOTION FOR SANCTIONS

-1-

April 2, 2010, under which Charles H. Oliver, Jr., a real estate broker, agreed to provide Debtor, an attorney, expert witnesses services.

On April 6, 2011, Mr. Oliver filed an opposition to the motion to reopen, arguing that the claim is a postpetition claim that is not subject to the section 727(a) discharge, and that Debtor should be sanctioned under Rule 9011(c) for filing an allegedly frivolous motion.

**LAW**

1. <u>Motion to Reopen</u>

A bankruptcy case may be reopened to administer assets, to accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b).

The motion to reopen is denied with prejudice, because the motion seeks to reopen the case to discharge a postpetition debt, and because a discharge in bankruptcy applies only to prepetition debts. 11 U.S.C. § 727(b).

2. <u>Motion for Rule 9011 sanctions</u>

A motion for sanctions under Rule 9011(c) "shall be made separately from other motions or requests . . ." Fed. R. Bankr. Proc. 9011(c)(1). In addition, a motion for sanctions "may not be filed with or presented to the court unless, within 21 days after service of the motion, . . . the challenged paper is not withdrawn . . . ."

Mr. Oliver's motion for sanctions is denied without prejudice, because it was not filed as a separate motion, and because it was filed prior to giving Debtor sufficient time to withdraw the motion.

**\*\*END OF MEMORANDUM\*\***

**MEMO RE DEBTOR'S MTN TO REOPEN
AND COUNTERMOTION FOR SANCTIONS**

COURT SERVICE LIST

Madan Mohan Singh Ahluwalia
406 Morning Lane
Redwood City, CA 94065

Charles H. Oliver, Jr.
11400 Sun Valley Drive
Oakland, CA 94605